Daniel, J.
I can see nothing in this case on which to ground the jurisdiction of a court of chancery.
The original bill sets out a single execution and *230 payments made to the sheriff in satisfaction of it, which had not been fully credited. No reason is alleged why the appellee had not applied, or might not still apply, to the court of law from which the execution issued to remedy the injustice of which he complained; and there is an entire absence from the case of those peculiar features which induced this court in the case of Crawford v. Thurmond, 3 Leigh 85, to sanction the interference of the chancellor.
The amended bill does not help out the jurisdiction. It merely makes Morrison the deputy sheriff to whom the payments are alleged to have been made, a party, and seeks to have an account with him. In neither bill, is there any allegation of a want or failure of evidence, arising from the loss of receipts or otherwise, rendering a discovery necessary. No statement is made of any such mutuality of cross demands or of complexity of-account arising from a series of transactions on one side and payments on the other, as calls for the exercise of the jurisdiction of a court of equity. No obstacle whatever is suggested likely to defeat or embarrass the legal remedy. The case was a plain one for the demurrer, and I think the decree should be reversed; the injunction dissolved and the bill dismissed.
The other judges concurred in the opinion of Daniel, J.
Decree reversed, injunction dissolved and bill and amended bill dismissed, with costs.